UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MATTHEW ORSO,

        Plaintiff,

v.                                                                                  Case No. 2:21-mc-28-SPC-NPM

MICHAEL JACKMACK,

        Defendant.

## ORDER

Before the court are two motions for writs of garnishment after judgment (Docs. 2, 3). Judgment creditor Nationwide Judgment Recovery, Inc. (as assignee of Matthew Orso) requests the court direct the clerk to issue writs of garnishment to Regions Bank, N.A. and Wells Fargo Bank, N.A. These motions stem from a 2017 judgment in the United States District Court for the Western District of North Carolina. (Docs. 1, 1-1). The final judgment was entered against certain "Net Winner Class Members," and attached to it was a separate single page for each class member. Here, a final judgment against Michael Jackmack was entered in the amount of $2,658.68, which is comprised of $1,979.73 in "net winnings" from the ZeekRewards scheme and $678.95 in prejudgment interest. (Doc. 1, p. 4). Post-judgment interest continues to accrue on the total amount of the final judgment at the rate specified in 28 U.S.C. § 1961. (Doc. 1, p. 4).

Orso registered the judgment here (Doc. 1), and NJR now moves for the issuance of post-judgment writs of garnishment to Regions Bank, N.A. (Doc. 2) and Wells Fargo Bank, N.A. (Doc. 3), each for $2,658.68. NJR believes the garnishees are or may be indebted to Jackmack or have in their possession or control personal property of Jackmack sufficient to satisfy at least part of the judgment. (Doc. 2 ¶ 5; Doc. 3 ¶ 5). NJR asks the court to issue a writ of garnishment to each garnishee and require each garnishee to answer the writ. (Docs. 2-1, 3-1).

Rule 69(a)(1) provides:

> The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1); *see also* Fed. R. Civ. P. 64. Because this district is in Florida, Florida law applies in executing on the judgment and in garnishment proceedings.

Florida grants a right to a writ of garnishment to "[e]very person or entity who … has recovered judgment in any court against any person or entity." Fla. Stat. § 77.01. The judgment creditor must file a motion "stating the amount of the judgment." *Id.* § 77.03. A writ of garnishment must state the amount stated in the motion and "require the garnishee to serve an answer on the plaintiff [(the judgment creditor)] within 20 days after service of the writ stating": (1) "whether the garnishee is indebted to the defendant [(the judgment debtor)] at the time of the answer, or was indebted at the time of service of the writ, plus up to 1 business day for the garnishee

to act expeditiously on the writ, or at any time between such times"; (2) "in what sum and what tangible or intangible personal property of defendant the garnishee has in [its] possession or control at the time of [its] answer, or had at the time of the service of the writ, or at any time between such times"; and (3) "whether the garnishee knows of any other person indebted to defendant, or who may have any of the property of defendant in his or her possession or control." *Id.* § 77.04.

"[I]f the defendant is an individual, the clerk of court shall attach to the writ" a "Notice to Defendant" with particular language. *Id.* § 77.041(1). The plaintiff must mail, by first class, a copy of the writ, a copy of the motion, and the notice "within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee, whichever is later." *Id.* § 77.041(2). But NJR attached to its proposed writs of garnishment a form of notice that does not comport with Fla. Stat § 77.041. (Docs. 2-1, 3-1).

Accordingly, the motions for writ of garnishment after judgment (Docs. 2, 3) are **GRANTED**. The Clerk is **DIRECTED** to issue writs of garnishment to Regions Bank, N.A. and Wells Fargo Bank, N.A. using the proposed writs.[1] The proposed writs are **ONLY** the first two pages of Doc. 2-1 and Doc. 3-1. When issuing the

---

[1] However, the court makes the following observation. NJR represents that "Defendant acknowledges its obligation under Florida Statute § 77.28 to compensate the garnishee $100 upon demand of the garnishee's attorney." (Doc. 2, p. 2; Doc. 3, p. 2). This appears to be a typographical error. Florida law expressly provides that the party applying for the writ of garnishment (here, NJR) must advance $100 to the garnishee. Fla. Stat. § 77.28.

writs, pages three through five of Doc. 2-1 and Doc. 3-1 **MUST** be deleted. Because Jackmack is an individual, the Clerk is **DIRECTED** to attach to the writs the Notice to Defendant that is attached as an exhibit to this order. Thereafter, NJR must fully comply with Florida's applicable garnishment statutes (Fla. Stat. § 77.01 *et seq.*) and file any required certificates of service (*see, e.g.*, Fla. Stat. §§ 77.041(2), 77.055).

**ORDERED** in Fort Myers, Florida, on February 1, 2022.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE